Commonwealth ex rel. Rafferty, Appellant, *v.* D'Allesandro.

Argued November 9, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*J. Charles Short,* with him *Paul A. Rafferty,* for appellant.

*Howard D. Scher,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE MANDERINO, September 19, 1973:

Appellant, Paul A. Rafferty, was appointed to the Tax Review Board of Philadelphia on September 10, 1971, by James H. J. Tate, then Mayor of Philadelphia. Appellant's appointment ran until November 23, 1975. On February 1, 1972, Frank L. Rizzo, who succeeded James H. J. Tate as the Mayor of Philadelphia, removed the appellant from the Tax Review Board and appointed the appellee, Nicholas M. D'Allesandro. Appellant's complaint in quo warranto was dismissed after preliminary objections were sustained. This appeal followed.

The narrow issue presented is whether a member of the Tax Review Board of Philadelphia serves at the pleasure of the appointing power, the Mayor of Philadelphia, or whether such a member is entitled to complete the term designated by the appointing power at the time of the appointment.

The issue is unequivocally controlled by the Philadelphia Home Rule Charter. Two provisions of the Charter are applicable, the first provision is found in section 3-404 of article III. That article concerns the executive and administrative branch of government. Section 3-404 of the Charter states: *"Except as expressly otherwise provided in this charter,* all appointed officers and all members and all officers of boards and commissions *shall serve at the pleasure of the appointing power* and until their successors are qualified." (Emphasis supplied.) The above section of the Charter

specifically states that members of boards *shall serve at the pleasure of the appointing power* and, more importantly, specifically states that any exception must be *expressly otherwise provided in the Charter.*

The annotated edition of the Philadelphia City Charter which was authorized by a resolution of the Charter Commission and prepared under the direction of the Commission's Drafting Committee includes an annotation following section 3-404, stating the purpose of the section. That annotation states that: ". . . every appointive officer of the City serves at the pleasure of his appointing power and until his successor is qualified. For, apart from Constitutional compulsion, the interests of good and harmonious government generally require that an appointing power be able to remove an appointee when any consideration arises requiring removal, provided the appointing power bears the responsibility and remains accountable for his action."

The second applicable provision is found in article IX of the Charter, entitled "Removal of Elective and Appointive Officers." Section 9-200 of that article states: *"Except as herein specifically provided, any appointed officer may be removed at the pleasure of the appointing power."* (Emphasis supplied.)

Like section 3-404, section 9-200 states that any exception to the section must be specifically provided in the Charter.

The annotation to section 9-200 states the purpose as follows: "Effective administration requires as a rule that the appointing power be able to remove officers at pleasure, subject to his answering to his superiors or to the electorate."

The appellant has pointed to no provision of the Charter which expressly provides for any exception to the above two sections of the Charter as far as a member of the Tax Review Board is concerned. In the absence of any such exception in the Charter, we would

have to blatantly ignore the unequivocal provisions in the above sections in order to deprive the appointing power of his removal authority *at his pleasure.*

When the Charter intended that a member of a board be subject to removal for cause, it explicitly so stated. Thus, as an example, section 9-202 specifically provides that: "A member of the Civil Service Commission may be removed by the Mayor only for cause." There is no such provision in the Charter concerning a member of the Tax Review Board.

The appellant calls our attention to section 3-914 of the Charter which states: "Tax Review Board. Until the Council shall by ordinance otherwise provide, the Tax Review Board shall consist of the Director of Finance, the City Solicitor and the City Treasurer. If and when the Council shall so ordain, the Board shall consist of not more than five members who shall receive such compensation as the ordinance shall fix. One member shall be an accountant and one a lawyer."

Section 3-914, however, is completely silent concerning City Council's power to change the provisions of section 3-404 or section 9-200 of the Charter, both of which permit removal of a board member at the pleasure of the appointing power. The only authorization given to City Council in section 3-914 is an authorization to increase the size of the Board and fix the compensation of the Board. That section certainly *does not expressly provide* anything concerning the appointing power's authorization to remove members of the Tax Review Board at his pleasure. Council, under the Charter, has been given no authority to change the unequivocal provisions of section 3-404 or section 9-200. It can not be given such power by this Court. Section 1-101 of the Charter which vests the legislative power of the City of Philadelphia in City Council expressly states that Council's legislative power is subject to the provisions of the Charter.

There is thus no need to consider the appellant's claim that a 1953 City Council ordinance deprived the appointing power, the Mayor of Philadelphia, of his authority to remove at his pleasure the members of the Tax Review Board. We note, however, that neither the 1953 ordinance nor any other ordinance concerning the Tax Review Board contained any express provisions purporting to deprive the Mayor of Philadelphia of the power of removal granted to him by the Philadelphia Home Rule Charter.

Order affirmed.